# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-cr-00140 LJO SKO |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SUPERCEDING INDICTMENT; VACATING HEARING; TRIAL CONFIRMED (Doc. 55)** |
| **v.** | |
| **SHANNON SORRELLS,** | |
| **Defendant.** | |

The Court has received and reviewed the Defendant's (late filed) Motion to Dismiss filed on October 9, 2015 (document 55), the Government's Opposition filed on October 12, 2015 (document 59), and the Defendant's Reply filed on October 13, 2015 (document 62). The Court recognizes that the jury trial is set to commence on October 20, 2015, making it essential that counsel and parties know the outcome of the pending motion immediately. The papers submitted, including the relevant documents submitted on the prior motion to suppress (documents 41 and 44) and the Order thereon (document 52), are thorough and clear. That, coupled with the fact that the Court finds neither need nor cause for an Evidentiary Hearing, the Court deems this instant matter submitted, and vacates the hearing set for October 15, 2015 (three court days pre the commencement of the jury trial).

1    The real issue is whether the Government's dismissal of counts one and two of the Superceding
2 Indictment purged the <u>alleged</u> (see below) taint of the statements regarding those two counts in the
3 February of 2015 search warrant affidavit.  The defendant claims it does not purge the taint for four
4 reasons: 1. Because it provided the issuing judge with the fact that the defendant already had a felony,
5 this is something that might have affected the judge's decision; 2. It suggested to the issuing judge that
6 either a Grand Jury or a Court must have found the charges had sufficient merit to be filed; 3. The
7 charges remained pending when the search warrant application was submitted, thus somehow
8 influencing the judge; and 4.  It is questionable that the defendant would have been an investigative
9 focus without the information obtained during the alleged illegal search.

10    The defense argument assumes that the original search warrant executed on June 17, 2014 at 401
11 W. Paradise in Visalia was illegal.  This is a quantum leap and an assumption that has in no way been
12 established based on the record before this Court.  As a matter of fact, the information provided to this
13 Court suggests exactly the opposite, and at most an error. (*see* Supplemental Declaration of Detective
14 Tejeda, Government's opposition to the Motion to Suppress filed prior to the instant and pending
15 motion).  The fact that the Government dismissed counts one and two of the Superceding Indictment on
16 the stated ground of expediency proves nothing except that an officer of the Court has provided an
17 unsolicited and unrequired reason for making the request to dismiss, and there is no reason the Court
18 shouldn't accept the reason provided.

19    In addition, the February 24, 2014 warrant for the Defendant's home on Road 57 in Dinuba made
20 no reference, directly or indirectly, to the prior W. Paradise search warrant nor to its fruit.  It stands
21 alone.

22    The seven remaining counts (counts 3-7 for Bank Fraud, count 8 for Possession of stolen mail
23 and count 9 for Aggravated Identity Theft) result from law enforcement efforts on or after February 9,
24 2015, at a time the Defendant was on Pretrial Release, and is derived from independent information
25 provided by an EECU (an alleged victim) fraud investigator.  Further information was obtained from the

search of the defendant's home.  There is no apparent connection between this evidence and the fruits of the W. Paradise search warrant, and thus the fruit of the poisonous tree argument fails.

## CONCLUSION AND ORDER

The pending Defense Motion to Dismiss is DENIED.  The trial set for October 20, 2015 at 8:30 a.m. is CONFIRMED.

IT IS SO ORDERED.

Dated:   **October 14, 2015**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

3